# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| RODRIGUEZ SPEAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV405-179 |
| ) | |
| TONY HOWERTON, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner has filed for a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent has filed an answer. Doc. 14. For the reasons that follow, the Court recommends that the petition be DENIED.

## I. Background

On July 10, 1996, a Chatham County grand jury indicted petitioner on charges of malice murder, felony murder (aggravated assault), felony murder (aggravated battery), aggravated assault, aggravated battery, and interference with government property. Spear v. State, 513 S.E.2d 489, 491 n.1 (Ga. 1999). A jury convicted petitioner of malice murder, aggravated

assault, and aggravated battery on September 5, 1997. Id. The charge of interference with government property was severed for a separate trial. Id. The trial court, merging the aggravated assault count into the aggravated battery count, sentenced petitioner to life imprisonment on the murder conviction and a consecutive twenty-year term for the aggravated battery conviction. Id. Petitioner filed a motion for a new trial, which the trial court denied on April 22, 1998. Id. Petitioner then pursued a direct appeal in the Georgia Supreme Court, alleging twenty-one errors committed in the trial court. The Georgia Supreme Court affirmed his convictions and sentences on March 8, 1999. Spear v. State, 513 S.E.2d 489.

On February 28, 2000, petitioner filed an application for writ of habeas corpus in the superior court of Gwinnett County. Resp. Ex. 2. The petition was transferred to the Lowndes County Superior Court on June 9, 2000 due to petitioner's transfer to Valdosta State Prison. Id. The case was eventually transferred to the Richmond County Superior Court on May 7, 2001. That court denied the petition on August 23, 2004. Resp. Ex. 3. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal the denial of state habeas relief on September 20,

2005.

Petitioner executed the instant federal habeas petition pursuant to 28 U.S.C. § 2254 on September 29, 2005, asserting the following grounds for relief:

1. The trial court erred by:
   a. denying petitioner's motion for change of venue;
   b. allowing evidence of similar transactions;
   c. refusing to allow the jury to view certain evidence that was introduced at trial during deliberations;
   d. failing to allow defense counsel to comment on the evidence.
2. Trial counsel was ineffective for:
   a. advancing an insanity defense when it was against petitioner's will;
   b. claiming insanity was an issue and that petitioner was insane at the time of the crime;
   c. failing to object to hearsay testimony;
   d. changing petitioner's plea without petitioner's permission;
   e. refusing to present witnesses on petitioner's behalf;
   f. providing an inadequate defense and defense strategy;
   g. refusing to present certain evidence on petitioner's behalf;
   h. failing to object when the prosecution inappropriately placed petitioner's character into evidence and failing to request a mistrial on the same grounds;
   i. failing to pursue impeachment against witnesses who either admitted to making false statements or were later learned to have made false statements;
   j. failing to request a mistrial when similar transaction evidence was offered that did not have the requisite similarity to qualify as such evidence;
   k. failing to request a continuance to prepare a defense when the trial court rejected one defense strategy.

3. The state engaged in prosecutorial misconduct by showing gruesome pictures of the victim to the jury.

Doc. 1.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In Neeley v. Nagle, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape'" at the time the state court adjudicated the petitioner's claim to determine the

applicable Supreme Court authority . . . ." Id. at 923.[1] A legal principle is "clearly established" if "Supreme Court precedent would have compelled a particular result in the case." Id.; see also Hogan v. Hanks, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court precedent. Neeley, 138 F.3d at 923. A decision is "contrary to" the then-existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923, 924.

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This provision refers to mixed questions of law and fact. Id.; Drinkard v.

---

[1] Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. Lindh, 96 F.3d at 869; accord Green, 143 F.3d at 874. "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." Lindh, 96 F.3d at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000).

Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) (en banc), rev'd on other grounds, 117 S. Ct. 2059 (1997).[2] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to de novo review, which Congress clearly did not intend." Neeley, 138 F.3d at 924; see H.R.Conf.Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected — not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close

---

[2] The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

question without either viewpoint being unreasonable," the <u>Neeley</u> court concluded that a federal court may grant the writ "'only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.'" <u>Neeley</u>, 138 F.3d at 768 (quoting <u>Drinkard</u>, 97 F.3d at 769). "In effect, a reasonable, good faith application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent." <u>Mata v. Johnson</u>, 99 F.3d 1261, 1268 (5th Cir. 1996), <u>vacated in part on other grounds</u>, 105 F.3d 209 (5th Cir. 1997).[3]

The Eleventh Circuit has recognized that the "reasonable jurist"

---

[3] The Seventh Circuit likewise held that a perfunctory analysis is sufficient as long as the state court's conclusion is reasonable:
> [O]f course the better the job the state court does in explaining the grounds for its rulings, the more likely those rulings are to withstand further judicial review. That is just realism. It doesn't follow that the criterion of a reasonable determination is whether it is well-reasoned. It is not. It is whether the determination is at least minimally consistent with the facts and circumstances of the case.

<u>Hennon v. Cooper</u>, 109 F.3d 330, 334 (7th Cir. 1997) (Posner, J.); <u>see</u> <u>Sweeney v. Parke</u>, 113 F.3d 716, 718 (7th Cir. 1997) (holding state court determination reasonable if minimally consistent with facts and circumstances of case). The court suggested that the term "unreasonable" was stronger than "erroneous" and perhaps stronger than "clearly erroneous." <u>Hennon</u>, 109 F.3d at 334 (citation omitted); <u>see</u> <u>also</u> <u>Holman v. Gilmore</u>, 126 F.3d 876, 882 (7th Cir. 1997) (finding only clear error in applying <u>Strickland</u> would justify granting habeas relief); <u>Berryman v. Horton</u>, 100 F.3d 1089, 1103 (3d Cir. 1996) (finding state court determination reasonable unless it makes "grave error").

standard, which the Neeley court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S .Ct. 1495, 1521-22 (2000). Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). In Williams the Supreme Court held that a federal court applying the "unreasonable application" clause of § 2254(d)(1)

> should ask whether the state court's application of clearly established federal law was *objectively* unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

Williams, 120 S. Ct. at 1521-22 (emphasis added). The court then emphasized that a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 1522. With these considerations in mind, the Court will now turn to petitioner's asserted grounds for relief.

8

## III. Analysis

### A. Trial Court Errors

Petitioner alleges that the trial court committed several errors during the course of his criminal trial. Petitioner alleges that the trial court erred by (1) denying his motion for change of venue, (2) allowing similar transactions evidence, (3) refusing to allow the jury to see evidence during deliberations that had been introduced during the trial, and (4) failing to allow defense counsel to comment on the evidence. Doc. 1.

A federal court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" in conducting habeas review. Estelle v. McGuire, 502 U.S. 62, 68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. at 67-68. Petitioner challenged the trial court's denial of his motion for a change of venue in his direct appeal. The Georgia Supreme Court found that the trial court had not abused its discretion in denying that motion. Spear, 513 S.E.2d at 492. Even if the trial court's ruling was a violation of state law (which the Georgia Supreme Court found it not to be), any such error does not afford a basis for federal habeas relief.

9

"Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes. . . . A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." <u>Carrizales v. Wainwright</u>, 699 F.2d 1053, 1054-55 (11th Cir. 1983); <u>see</u> <u>also</u> <u>Llamas- Almaquer v. Wainwright</u>, 666 F.2d 191, 193 (5th Cir. Unit B 1982) ("it is elementary that questions of state law cannot be raised on federal habeas.").

Petitioner failed to raise the remaining allegations of error in the trial court in his direct appeal. These assertions relate to questions of state evidentiary law and issues relating to the administration of the trial. State law governs these issues, and the resolution of such issues is left to the discretion of the trial court. The federal courts have demonstrated a proper reluctance to second-guess state court evidentiary rulings on habeas review and rarely grant relief on the basis of such rulings. <u>Demps v. Wainwright</u>, 805 F.2d 1426, 1430 (11th Cir. 1986), <u>cert</u>. <u>denied</u>, 484 U.S. 873 (1987); <u>Boykins v. Wainwright</u>, 737 F.2d 1539, 1544 (11th Cir. 1984), <u>cert</u>. <u>denied</u>, 470 U.S. 1059 (1985). A federal district court does not sit as a "'super' state supreme court." <u>Shaw v. Boney</u>, 695 F.2d 528, 530 (11th Cir. 1983)

(citations omitted). State evidentiary rulings are cognizable on federal habeas corpus review only if the alleged error was of such magnitude as to deprive the petitioner of fundamental fairness. Futch v. Dugger, 874 F.2d 1483, 1487 (11th Cir. 1989); Smith v. Wainwright, 741 F.2d 1248, 1258 (11th Cir. 1984), cert. denied, 470 U.S. 1087 (1985); Boykins, 737 F.2d at 1544. Petitioner has made no showing that the alleged errors deprived him of fundamental fairness, and this Court will not question the trial court's resolution of these issues of state law.

Consequently, each of petitioner's claims that the trial court committed various errors during his criminal trial fails to state a ground upon which federal habeas relief may be granted.

### B. Ineffective Assistance of Trial Counsel

Petitioner raises several challenges to the adequacy of his trial counsel. Doc. 1. Petitioner raised eight claims of ineffective assistance of counsel in his appeal to the Georgia Supreme Court. That court found that petitioner only raised two of the claims at the hearing on his motion for a new trial and that petitioner had therefore waived the other six grounds.

Spear, 513 S.E.2d at 492. The court noted that those six grounds were waived when counsel appointed to represent petitioner after conviction failed to raise them in the motion for new trial. Id. at 492-93; see also Bagwell v. State, 508 S.E.2d 385, 389 (Ga. 1998) ("a defendant is obliged to raise all allegations of ineffectiveness of counsel at the earliest practicable moment.").

The Georgia Supreme Court addressed petitioner's claims that trial counsel was ineffective for failing to object when evidence was introduced that placed petitioner's character in issue and for failing to object to a restriction the trial judge placed on closing arguments. The court followed the standard set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), in evaluating these two claims.[4] Under Strickland, a defendant must first demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." 466 U.S. at 687. Second, a defendant must demonstrate that the defective performance prejudiced the

---

[4] Although the court did not explicitly reference Strickland, the court relied on its decision in Bagwell v. State, 508 S.E.2d 385, which in turn relied on Strickland.

defense to such a degree that the results of the trial cannot be trusted. Id.

Petitioner's first claim of ineffectiveness, i.e., that counsel failed to object to evidence that placed petitioner's character in issue, concerned a statement petitioner gave to police while in custody and his subsequent cross-examination concerning that statement. Spear, 513 S.E.2d at 493. The court found that the statement was relevant to petitioner's motive for killing the victim and was admissible despite the fact that it put his character in issue. Id. Since the evidence was admissible for that purpose, the court found that counsel was not ineffective for failing to object to the admission of the statement. Id. The court also concluded that petitioner had failed to show his trial counsel's performance was deficient by failing to object to the limitation the trial court placed on the closing arguments. Id. The trial court restricted counsel to arguing matters established by the evidence. The Georgia Supreme Court concluded that such a limitation was proper and that counsel's failure to object to such a limitation on the closing argument could not be considered deficient performance. Id. Without a showing of deficient performance, the court concluded that petitioner had not received ineffective assistance of counsel.

In evaluating these claims, the Georgia Supreme Court correctly applied Supreme Court precedent and concluded that trial counsel's performance did not constitute ineffective assistance of counsel as contemplated by the Supreme Court in <u>Stickland</u>. Consequently, petitioner's claims for relief on this ground are without merit.

The remaining claims of ineffective assistance of counsel raised by petitioner are procedurally barred under state law. The Georgia Supreme Court noted that six out of the eight claims of ineffectiveness raised by petitioner in his direct appeal were barred since he had failed to raise those claims in his motion for a new trial or in the hearing on that motion. <u>Spear</u> 513 S.E.2d at 492. The claims of ineffectiveness petitioner now raises in grounds 2(a), 2(b), 2(c), 2(d), 2(e), 2(f), 2(g), 2(i), and 2(k) were likewise not raised in either petitioner's motion for a new trial, the hearing on that motion, his direct appeal, or in his state habeas petition. Therefore, under the procedural laws of the state of Georgia, petitioner is now barred from seeking relief on any of those claims. <u>See</u> <u>also</u> O.C.G.A. § 9-14-51 (providing that all grounds for habeas relief claimed by a petitioner for a writ of habeas corpus must be raised in his original or amended petition unless the

Constitution of the United States or the State of Georgia so requires, or unless such grounds could not reasonably have been raised in the original or amended petition).

The Eleventh Circuit, following Supreme Court precedent, has held that "the considerations of comity that underlie the procedural bar doctrine require federal habeas courts to honor state procedural rules, and not only state courts' procedural rulings." Lindsey v. Smith, 820 F.2d 1137, 1143 (11th Cir. 1987) (citing Engle v. Isaac, 456 U.S. 107 (1982)). "A federal court must dismiss those claims or portions of claims that are procedurally barred under state law." Sims v. Singletary, 155 F.3d 1297, 1311 (11th Cir. 1998) (citations omitted). Moreover, a claim asserted by a habeas petitioner that is procedurally barred on state law grounds remains procedurally barred despite the fact that the claim was not previously presented in the state courts. Engle, 456 U.S. 107; see also Lindsey, 820 F.2d at 1143-44. Therefore, because petitioner did not raise grounds 2(a), 2(b), 2, 2(d), 2(e), 2(f), 2(g), 2(i), or 2(k) at the trial level, on direct appeal, or in his state habeas petition, this Court must respect the state's procedural rules and find these claims procedurally defaulted. Petitioner's assertions thus afford

him no relief.

## C. Prosecutorial Misconduct

Petitioner alleges that the prosecutor attempted to bias the jury by introducing gruesome pictures of the victim into evidence. Doc. 1.

This claim is procedurally defaulted, however, since petitioner did not raise it in his post-trial motions, on direct appeal, or in his state habeas petition. See O.C.G.A. § 9-14-51; Teague v. Lane, 489 U.S. 288, 298 (1989)(§ 2254 claims not presented to state court are nevertheless procedurally defaulted if state court would find claims procedurally defaulted under state procedural rules); see also Coleman v. Thompson, 501 U.S. 722, 750 (1991); Sims, 155 F.3d at 1311. Petitioner's procedural default may be cured by either a showing of cause and prejudice or of a fundamental miscarriage of justice. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Petitioner has failed to allege any such cause for his failure to raise this claim in his motion for a new trial, on direct appeal, or in his

16

state habeas petition. Furthermore, the Court finds no miscarriage of justice that would compel a different result. This claim, therefore, offers petitioner no basis for federal habeas relief.

## IV. Conclusion

For the foregoing reasons, the Court finds that petitioner fails to state grounds on which § 2254 relief may be granted. Accordingly, the Court recommends that the instant petition be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 26th day of June, 2006.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA